IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T-MOBILE NORTHEAST LLC, successor in interest to OMNIPOINT COMMUNICATIONS CAP OPERATIONS LLC,

        Plaintiff,

vs.

DISTRICT OF COLUMBIA HOUSING AUTHORITY,

        Defendant.

Case No. 1:08-cv-00689

**STIPULATION OF PARTIAL SETTLEMENT CONCERNING PLAINTIFF'S
APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF**

WHEREAS, Plaintiff T-Mobile Northeast LLC ("T-Mobile") commenced this action on April 22, 2008 by filing a summons and complaint seeking monetary and declaratory relief, with a Motion for a Temporary Restraining Order and Preliminary Injunction to compel defendant District of Columbia Housing Authority, its agents, servants, and employees, and all other persons acting in concert with them ("DCHA"), to give T-Mobile immediate and unrestricted access to the commercial property owned and/or controlled by DCHA at 1229 G Street, S.E., Washington D.C. (the "Property") so that T-Mobile can operate, inspect, repair, replace, maintain and upgrade all of its equipment, including but not limited to, antennae, cabinets, transmitters, cables, lines, wires, trays, fasteners, poles, and any other necessary ancillary equipment (collectively, the "Telecommunications Equipment") at the Property; and

WHEREAS, T-Mobile has alleged that DCHA has refused to grant it access to its Telecommunications Equipment at the Property, despite the parties' license agreement that

permits access seven days a week, 24 hours a day, and that the situation is now an emergency, in that two transmitters at the site and one sector are inoperative, thereby diminishing the ability of T-Mobile's Telecommunications Equipment to work properly and effectively; and

WHEREAS the parties wish to resolve that part of the instant action dealing with T-Mobile's application for equitable, injunctive relief pending the outcome of this action so that access shall be given as requested without Court intervention.

**WHEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.  Effective immediately, DCHA hereby agrees to give T-Mobile access to its Telecommunications Equipment throughout and at the Property at all times in accordance with the parties' license agreement. This applies to all Telecommunications Equipment on the roof, basement, and exterior on or about the Property.

2.  DCHA re-affirms and acknowledges that access is needed by T-Mobile 24-hours a day, seven days a week, and that DCHA shall do nothing that in any manner interferes with or impedes T-Mobile's or its agents' ability to promptly access its Telecommunications Equipment, so as to be able to efficiently operate, install, repair, replace, maintain or upgrade such equipment as T-Mobile may determine to be necessary or appropriate.

3.  Because of DCHA's concerns about safety in and around the site, the parties acknowledge that the Property manager for the Property, its agents and employees, will need to be present to unlock secured areas and authorize T-Mobile or its agents to enter and gain access to the Property and its Telecommunications Equipment. At no time is T-Mobile authorized to use force to gain access to the Property and it Telecommunications Equipment. DCHA agrees to provide T-Mobile with all necessary information to contact the Property manager during business and non-business hours. T-Mobile understands that after hours the staff of the Property manager

may generally take one hour to reach the Property. DCHA agrees to insure full cooperation by the Property manager. In the event the identity of the Property manager changes, DCHA agrees to provide T-Mobile with thirty (30) days prior notice and agrees to provide all necessary contact information regarding a new Property manager at least 24 hours prior to the commencement of the new Property manager's assumption of duties at the Property.

4. In the event T-Mobile needs to be present for more than one day to repair or upgrade its Telecommunications Equipment, it will notify the Property manager of that fact as soon as practicable and the Property manager shall ensure that access is provided day to day as needed.

5. In the event that DCHA shall breach this Stipulation, in whole or in part, DCHA agrees that T-Mobile may apply to this Court after one work day's notice to the General Counsel of DCHA, by fax and e-mail, for expedited relief and obtain, without bond, an order compelling DCHA to abide by the terms of this Stipulation and grant such additional relief as the Court deems appropriate. In the event such an application is made and is decided in favor of T-Mobile, DCHA agrees that it shall be liable to T-Mobile to reimburse it for all costs, expenses, and fees incurred, including reasonable attorneys' fees, in connection with such application and demands for access in such amount as the Court deems appropriate.

6. The parties signing below acknowledge that he or she has full authority to sign on behalf of the parties herein, and that the parties consent to the relief stated above.

7. The parties shall confer in the coming days to explore a possible means of resolving the remaining allegations contained in the Complaint. Such issues and disputes shall have no effect upon the enforceability of this Stipulation.

8.   This Stipulation is not an admission of wrongdoing by either party. This Stipulation does not in any way alter or have any effect on either party's claims or defenses in this action.

Dated: April 24, 2008

/s/
Elizabeth Sarah Gere, D.C. Bar No. 186585
Prashant K. Khetan, D.C. Bar No. 477636
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Plaintiff*

DISTRICT OF COLUMBIA HOUSING AUTHORITY

By: /s/
Hans Froelicher, IV (DC Bar #475506)
(signed by Elizabeth Sarah Gere with permission of Hans Froelicher)
Acting General Counsel
1133 N. Capitol Street, NE
Suite 210
Washington, D.C. 20002

Phone: 202 535 2835
Fax: 202 535 2521