UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T-MOBILE NORTHEAST LLC, successor in interest to OMNIPOINT COMMUNICATIONS CAP OPERATIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DISTRICT OF COLUMBIA HOUSING AUTHORITY,<br><br>Defendant. | Civil Action No. 08-689 (RMC) |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

Plaintiff, T-Mobile Northeast LLC, successor in interest to Omnipoint Communications CAP Operations, LLC, hereby responds to each allegation in the counterclaim of Defendant District of Columbia Housing Authority ("DCHA") as follows:

1. Neither admits nor denies the allegations contained in paragraph 48 of the counterclaim, as no factual allegations are made. Any and all inferences sought to be drawn by Defendant are denied.

2. Denies having information or knowledge sufficient to admit or deny the allegations in paragraph 49 of the counterclaim.

3. Admits the allegations contained in paragraph 50 of the counterclaim.

4. Denies having information or knowledge sufficient to admit or deny the allegations in paragraph 51 of the counterclaim.

5. Neither admits nor denies the allegations contained in paragraph 52 of the counterclaim, and refers the trier of fact to the agreement referred to for its terms. Any and all inferences sought to be drawn by Defendant are denied.

6. Neither admits nor denies the allegations contained in paragraph 53 of the counterclaim, and refers the trier of fact to the agreement referred to for its terms. Any and all inferences sought to be drawn by Defendant are denied.

7. Neither admits nor denies the allegations contained in paragraph 54 of the counterclaim as to Section 17 of the License Agreement and refers to the trier of fact to the agreement for its terms. Plaintiff admits that on or about December 13, 1999, DCHA consented to the assignment of the License Agreement to Omnipoint Communications CAP Operations, LLC. Plaintiff denies the remaining allegations contained in paragraph 54 of the counterclaim.

8. Neither admits nor denies the allegations contained in paragraph 55 of the counterclaim, and refers the trier of fact to the document referred to for its terms. Plaintiff denies the allegation that no consideration has been given for the assignment.

9. Neither admits nor denies the allegations contained in paragraph 56 of the counterclaim, and refers the trier of fact to the document referred to for its terms.

10. Denies having information sufficient to admit or deny the allegations contained in paragraph 57 of the counterclaim.

11. Denies having information sufficient to admit or deny the allegations contained in paragraph 58 of the counterclaim.

12. Denies having knowledge sufficient to admit or deny the allegations in paragraph 59 of the counterclaim.

13. Denies having knowledge sufficient to admit or deny the allegations contained in paragraph 60 of the counterclaim.

14. Denies having knowledge sufficient to admit or deny the allegations contained in paragraph 61 of the counterclaim.

15. Upon information and belief, admits the allegations contained in paragraph 62 of the counterclaim.

16. Denies the allegations contained in paragraph 63 of the counterclaim.

17. Admits the allegations contained in paragraph 64 of the counterclaim to the limited extent that DCHA has accused Plaintiff of intentional wrongdoing, but denies the truth thereof.

18. Denies having information or knowledge sufficient to admit or deny the allegations contained in paragraph 65 of the counterclaim and denies all allegations of any "illegal tap."

19. Denies the allegations contained in paragraph 66 of the counterclaim.

20. Denies having knowledge sufficient to admit or deny the allegations contained in paragraph 67 of the counterclaim.

21. Admits the allegations contained in paragraph 68 of the counterclaim to the limited extent that DCHA has accused Plaintiff of intentional wrongdoing, but denies the truth thereof.

22. Denies the allegations contained in paragraph 69 of the counterclaim, except admits that Plaintiff has made good-faith offers to resolve the dispute.

23. Denies the allegations contained in paragraph 70 of the counterclaim.

24. Denies the allegations contained in paragraph 71 of the counterclaim.

25. Admits the allegations contained in paragraph 72 of the counterclaim that the parties communicated with each other once the dispute arose and requests were made, but denies the remaining allegations therein.

26. Admits that a check was sent, but denies the remaining allegations contained in paragraph 73 of the counterclaim.

27. Denies the allegations contained in paragraph 74 of the counterclaim.

## COUNT ONE

### (Breach of Contract)

28. Repeats and realleges each and every allegation stated above herein in response to the allegations contained in paragraph 75 of the counterclaim.

29. Admits the allegations contained in paragraph 76 of the counterclaim.

30. Neither admits nor denies the allegations contained in paragraph 77 of the counterclaim, and refers the trier of fact referred to for its terms.

31. Denies having information or knowledge sufficient to admit or deny what T-Mobile's predecessors failed to install as alleged in paragraph 78 of the counterclaim, but admits that T-Mobile has continuously used DCHA's electrical power to operate its equipment.

32. Denies the allegations contained in paragraph 79 of the counterclaim.

## COUNT TWO

### (Conversion)

33. Repeats and realleges each and every allegation stated above herein in response to the allegations contained in paragraph 80 of the counterclaim.

34. Denies the allegations contained in paragraph 81 of the counterclaim.

35. Denies the allegations contained in paragraph 82 of the counterclaim.

## COUNT THREE

### (Fraud)

36. Repeats and realleges each and every allegation stated above herein in response to the allegations contained in paragraph 83 of the counterclaim.

37. Denies the allegations contained in paragraph 84 of the counterclaim.

38. Denies having information or knowledge sufficient to admit or deny what T-Mobile's predecessors knew as alleged in paragraph 85, and denies the remaining allegations therein.

39. Denies the allegations contained in paragraph 86 of the counterclaim.

40. Denies the allegations contained in paragraph 87 of the counterclaim.

41. Denies the allegations contained in paragraph 88 of the counterclaim.

42. Denies the allegations contained in paragraph 89 of the counterclaim.

## COUNT FOUR

### (Misrepresentation)

43. Repeats and realleges each and every allegation stated above herein in response to the allegations contained in paragraph 90 of the counterclaim.

44. Denies the allegations contained in paragraph 91 of the counterclaim.

45. Denies having information or knowledge sufficient to admit or deny what T-Mobile's predecessors knew as alleged in paragraph 92, and denies the remaining allegations therein.

46. Denies the allegations contained in paragraph 93 of the counterclaim.

47. Denies the allegations contained in paragraph 94 of the counterclaim.

48. Denies the allegations contained in paragraph 95 of the counterclaim.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST DEFENSE

49.  The counterclaim is barred by the doctrine of waiver.

### SECOND DEFENSE

50.  The counterclaim is barred under the applicable statute of limitations.

### THIRD DEFENSE

51.  The counterclaim fails to state a claim for which relief may be granted.

### FOURTH DEFENSE

52.  The counterclaim is barred by the doctrine of estoppel.

### FIFTH DEFENSE

53.  The counterclaim is barred because DCHA is in breach of its implied obligations to act in good faith under the License Agreement, and has unreasonably refused to accept Plaintiff's payment to resolve the dispute.

**WHEREFORE,** T-Mobile Northeast LLC, successor in interest to Omnipoint Communications CAP Operations, LLC, demands judgment dismissing the counterclaim with prejudice, and awarding it all damages requested in its complaint, together with such other and further relief as deemed just and proper.


Dated: June 2, 2008

                                          Respectfully submitted,


                                          /s/ Elizabeth Sarah Gere
                                        Elizabeth Sarah Gere, D.C. Bar No. 186585
                                        Prashant K. Khetan, D.C. Bar No. 477636
                                        ROSS, DIXON & BELL, LLP
                                        2001 K Street, NW
                                        Washington, DC 20006-1040
                                        Telephone: (202) 662-2000
                                        Facsimile: (202) 662-2190

                                        *Attorneys for Plaintiff T-Mobile Northeast*
                                        *LLC, successor in interest to Omnipoint*
                                        *Communications CAP Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2008 a copy of the foregoing Plaintiff's Answer to Counterclaim was served on the following counsel of record via the Court's electronic filing system:

> Hans Froelicher, IV, Esq.
> Acting General Counsel
> District of Columbia Housing Authority
> 1133 North Capitol Street, N.E.
> Suite 210
> Washington, DC  20002

>> /s/  Elizabeth Sarah Gere
>> ROSS, DIXON & BELL, LLP
>> 2001 K Street, NW
>> Washington, DC 20006-1040
>> Telephone: (202) 662-2000
>> Facsimile: (202) 662-2190